UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
                                                :

TRUSTEES OF THE DISTRICT COUNCIL NO. 9     :
PAINTING INDUSTRY INSURANCE FUND,
TRUSTEES OF THE DISTRICT COUNCIL NO. 9     :
PAINTING INDUSTRY ANNUITY FUND, and
DISTRICT COUNCIL NO. 9 INTERNATIONAL    :
UNION OF PAINTERS AND ALLIED TRADES,
A.F.L.-C.I.O.,                                    :

                  Petitioners,       :

      -v-                       :           25 Civ. 2357 (JPC)

ICON CONSTRUCTION GROUP,         :         OPINION AND ORDER

                  Respondent.      :

-----------------------------------------------------------------------X

JOHN P. CRONAN, United States District Judge:

Petitioners[1] seek to confirm a December 3, 2024 award of the Joint Trade Committee of

the Painting and Decorating Industry (the "Joint Trade Committee"). For the reasons explained

below, the Court grants the petition to confirm and awards attorneys' fees and costs, but with a

slight reduction of the requested fees.

## I. Background

Icon Construction Group ("Respondent") is subject to a collective bargaining agreement

with the Union. Dkt. 1 ("Petition") ¶ 5; *see* Dkt. 5 ("Kugielska Decl."), Exh. B ("CBA"). Under

the CBA, the parties were to submit disputes to the Joint Trade Committee, which would

---

[1] This Opinion and Order uses the term "Petitioners" to refer to: (1) the District Council
No. 9 International Union of Painters and Allied Trades, A.F.L.-C.I.O. (the "Union"); (2) the
Trustees of the District Council No. 9 Painting Industry Insurance Fund; and (3) the Trustees of
the District Council No. 9 Painting Industry Annuity Fund.

definitively resolve them.  Petition ¶ 6; *see* CBA art. XIII, §§ 1, 3, 4(d).  A dispute arose when Respondent failed to submit benefits on behalf of a member of the Union, a failure which violated the CBA.  Petition ¶ 7; *see* CBA art. XIII, § 11 & art. XX.  So the Union filed an arbitration demand with the Joint Trade Committee, which held a hearing on November 18, 2024.  Petition ¶¶ 8-9.  On December 3, 2024, the Joint Trade Committee resolved the dispute in the Union's favor.  *See* Kugielska Decl., Exh. A ("Award").  In the Award, the Joint Trade Committee "found [Respondent] guilty for failure to submit fringe benefits, in violation of [the CBA], and directed [Respondent] to submit $1,614.20 in fringe benefits on behalf of [the Union member], and $8,000.00 in liquidated damages."  Award at 3.[2]  Respondent was directed to send "$1,614.20 in benefits made payable to the 'PIIAF'"[3] and "$8,000.00 in liquidated damages made payable to the [Joint Trade Committee]" within ten days of receiving the decision by service.  *Id.* at 3-4.

After the Award was served on Respondent, *see* Kugielska Decl., Exh. D, Respondent did not "compl[y] with the Decision" within ten days of service, *id.*, Exh. E (December 17, 2024 demand letter).  And when Respondent still "failed and refused to comply with the Award," Petition ¶ 14, Petitioners filed the instant Petition on March 21, 2025 to confirm the Award under Section 301 of the Labor Management Relations Act of 1947 ("LMRA"), as amended, 29 U.S.C. § 185, and Section 9 of the Federal Arbitration Act ("FAA"), 9 U.S.C. § 9.  Petition, Exh. A ("Brief").  Respondent has not opposed the Petition or otherwise appeared in this case.

---

[2] The Award lacks page numbers, so citations to that filing are to the ECF-generated page numbers.

[3] While "[n]either the Final Award nor the Petition defines 'PIIAF,'" a judge of this District explained that PIIAF is "underst[ood] . . . to be an abbreviation for District Counsel No. 9 Painting Industry Annuity Fund."  *Dist. Council No. 9 Int'l Union of Painters & Allied Trades, A.F.L.-C.I.O. v. Sahara Constr. Corp.*, No. 22 Civ. 8234 (VEC), 2022 WL 16836961, at *3 n.2 (S.D.N.Y. Nov. 9, 2022).

## II.  Legal Standard

An unanswered petition to confirm an arbitration award is generally treated as an unopposed motion for summary judgment. *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 110 (2d Cir. 2006) (explaining that "generally a district court should treat an unanswered removed petition to confirm/vacate as an unopposed motion for summary judgment").  Under this approach, "'the petition and the accompanying record' become 'a motion for summary judgment'" evaluated under the usual Rule 56 standard. *Trs. of UNITE HERE Nat'l Health Fund v. JY Apparels, Inc.*, 535 F. Supp. 2d 426, 428 (S.D.N.Y. 2008) (quoting *D.H. Blair & Co.*, 462 F.3d at 109); *see* Fed. R. Civ. P. 56.

Summary judgment under Rule 56 is appropriate if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  A genuine dispute exists where "the evidence is such that a reasonable jury could return a verdict for the nonmoving party," and a fact is material if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  A court must "resolve all ambiguities and draw all justifiable factual inferences in favor of the party against whom summary judgment is sought." *Major League Baseball Props., Inc. v. Salvino, Inc.*, 542 F.3d 290, 309 (2d Cir. 2008).  The movant bears the initial burden of "demonstrating the absence of a genuine issue of material fact." *Holcomb v. Iona Coll.*, 521 F.3d 130, 137 (2d Cir. 2008).  If met, the burden shifts to the non-movant "to present evidence sufficient to satisfy every element of the claim." *Id.*  The non-movant "may not rely on conclusory allegations or unsubstantiated speculation," and "must offer some hard evidence showing that its version of the events is not wholly fanciful." *Jeffreys v. City of New York*, 426 F.3d 549, 554 (2d Cir. 2005) (internal quotation

marks omitted).    The non-movant must present more than a mere "scintilla of evidence." *Anderson*, 477 U.S. at 252.

This standard applies even to unopposed motions for summary judgment.  *Vt. Teddy Bear Co. v. 1-800 Beargram Co.*, 373 F.3d 241, 242 (2d Cir. 2004) ("Even when a motion for summary judgment is unopposed, the district court is not relieved of its duty to decide whether the movant is entitled to judgment as a matter of law.").  Therefore, to confirm an unopposed petition, the court must decide whether the undisputed facts establish that the petitioner is entitled to judgment as a matter of law.  *Trs. for Mason Tenders Dist. Council Welfare Fund, Pension Fund, Annuity Fund & Training Program Fund v. Odessy Constructioncorp*, No. 14 Civ. 1560 (GHW), 2014 WL 3844619, at *2 (S.D.N.Y. Aug. 1, 2014) ("[L]ike unopposed summary judgment motions, unopposed confirmation petitions 'must fail where the undisputed facts fail to show that the moving party is entitled to judgment as a matter of law.'" (quoting *D.H. Blair & Co.*, 462 F.3d at 110)).

### III.  Discussion

**A.    The Court Confirms the Arbitration Award.**

Petitioners principally seek confirmation of the $1,614.20 in benefits made payable to the PIIAF and the $8,000.00 in liquidated damages made payable to the Joint Trade Committee. Petition ¶¶ 11, 14; Brief at 6.[4]

Confirming an arbitration award under the LMRA, like under the FAA, entails only "a summary proceeding that merely makes what is already a final arbitration award a judgment of the court." *D.H. Blair & Co.*, 462 F.3d at 110 (internal quotation marks omitted) (applying the FAA);

---

[4] The Brief lacks page numbers, so citations to that filing are to the ECF-generated page numbers.

*see Trs. for Mason Tenders Dist. Council Welfare Fund, Pension Fund, Annuity Fund & Training Program Fund v. PM Contracting Co.*, No. 18 Civ. 6563 (KPF), 2019 WL 1557114, at *2 n.3 (S.D.N.Y. Apr. 10, 2019) (explaining that although "[t]he LMRA, not the [FAA], governs" review of a petition to confirm under the LMRA, the FAA remains "useful as a source of principles . . . in the context of a petition to confirm or vacate an arbitration award" (internal quotation marks omitted)); *1199 SEIU United Healthcare Workers E. v. Lily Pond Nursing Home*, No. 07 Civ. 408 (JCF), 2008 WL 4443945, at *3 (S.D.N.Y. Sept. 29, 2008) ("The FAA is particularly useful in the context of a petition to confirm or vacate an arbitration award because both the FAA and the LMRA allow only limited judicial review of arbitration decisions.").

Judicial review of the merits of an arbitration award is "severely limited so as not unduly to frustrate the goals of arbitration, namely, to settle disputes efficiently and avoid long and expensive litigation." *Trs. of N.Y.C. Dist. Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund, Apprenticeship, Journeyman Retraining, Educ. & Indus. Fund v. Metro. Fine Mill Work Corp.* ("*Metro. Fine Mill*"), No. 14 Civ. 2509 (PAE), 2015 WL 2234466, at *3 (S.D.N.Y. May 12, 2015) (internal quotation marks omitted).  Particularly in the LMRA context, an arbitration award should be confirmed "as long as it draws its essence from the collective bargaining agreement and is not merely an exercise of the arbitrator's own brand of industrial justice." *Trs. of N.Y.C. Dist. Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund & Apprenticeship, Journeyman Retraining, Educ. & Indus. Fund v. Dejil Sys., Inc.*, No. 12 Civ. 5 (JMF), 2012 WL 3744802, at *2 (S.D.N.Y. Aug. 29, 2012) (internal quotation marks omitted). Under the "extremely deferential standard of review" that courts must apply, "only a barely colorable justification for the outcome reached by the arbitrators is necessary to confirm the award," which may be inferred from the record. *Smarter Tools Inc. v. Chongqing SENCI Imp. &*

*Exp. Trade Co.*, 57 F.4th 372, 378-79 (2d Cir. 2023) (citation modified); *see also Landy Michaels Realty Corp. v. Loc. 32B-32J, Serv. Emps. Int'l Union, AFL-CIO*, 954 F.2d 794, 797 (2d Cir. 1992) ("[A]n arbitration award should be enforced, despite a court's disagreement with it on the merits, if there is a barely colorable justification for the outcome reached." (internal quotation marks omitted)).  An arbitration award cannot stand, however, "[i]f it is clear that an arbitrator has exceeded his authority."  *Abram Landau Real Est. v. Bevona*, 123 F.3d 69, 74 (2d Cir. 1997) (internal quotation marks omitted).

The Joint Trade Committee's decision to award benefits and liquidated damages under the CBA following Respondent's failure to make the required submissions easily satisfies these standards.  First, the Joint Trade Committee "acted within the scope of the authority granted [it] by the parties" under the CBA.  *Metro. Fine Mill*, 2015 WL 2234466, at *4; *see* CBA art. XIII, §§ 3(a) ("The Joint Trade Committee . . . [is] empowered to hear and decide in arbitration . . . all grievances and disputes which arise between the Parties as to the interpretation or application of [the CBA] and to make such awards or assess remedies, damages and penalties for violations of [the CBA]."), 4(d) ("The decisions, findings and award of the Joint Trade Committee . . . shall be final and binding upon the Association Employer and the Union, all members thereof, and all interested Parties.").  The Joint Trade Committee's decision is also supported by the record, including "pay stubs" presented at the hearing which "reflect[ed] the hours that [the Union member] is owed benefits for by [Respondent]."  Award at 3; *see Trs. of N.Y.C. Dist. Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund, & Apprenticeship, Journeyman Retraining, Educ. & Indus. Fund v. Baroco Contracting Corp.*, No. 24 Civ. 1898 (DEH), 2024 WL 4519836, at *2 (S.D.N.Y. Oct. 17, 2024) (granting a petition to confirm an arbitration award where the "Respondent did not appear at arbitration to contest its failure to comply with these

provisions of the CBA, or to contest Petitioners' independent estimated audit—which determined that Respondent failed to make required remittances"); *Trs. of N.Y.C. Dist. Council of Carpenters Pension Fund v. PMM Cranes LLC*, No. 24 Civ. 3187 (JGK), 2024 WL 4388276, at *3 (S.D.N.Y. Oct. 3, 2024) (granting a petition to confirm an arbitration award where "the arbitrator found that substantial and credible evidence supported the determination that the respondent owed the petitioners delinquent contributions under the CBA and Collection Policy" (internal quotation marks omitted)).  Plus, the CBA authorizes each category of relief awarded by the Joint Trade Committee: benefits and liquidated damages.  *See* CBA art. XIII, §§ 3(c) ("The Joint Trade Committee may . . . include in [its] award against a signatory Employer, and any signatory or non-signatory alter-ego thereof, any and all delinquent fringe benefit contributions plus . . . liquidated damages."), 11 (same).  Finally, Petitioners timely filed the instant petition to confirm the Award,[5] and that Award has not been vacated, modified, or corrected.  Petition ¶ 17.

Thus, the Court concludes that there is no genuine dispute of material fact and that Petitioners are entitled to judgment as a matter of law confirming the Joint Trade Committee's award.

**B.      The Court Approves Most of Petitioners' Requested Attorneys' Fees and Costs.**

Petitioners also request $2,880.00 in attorneys' fees and $539.00 in costs arising out of this proceeding seeking confirmation of the Award, plus post-judgment interest at the usual statutory rate.  Brief at 5-6; Dkt. 10 ("Fees Decl.") ¶¶ 4-6.

---

[5] "Since LMRA § 301 does not specify a statute of limitations for commencing an action to confirm or vacate an arbitration award, federal courts borrow the most appropriate state statute." *1199 SEIU United Healthcare Workers E.*, 2008 WL 4443945, at *2 (citing *Loc. 802, Associated Musicians of Greater N.Y. v. Parker Meridien Hotel*, 145 F.3d 85, 88 (2d Cir. 1998)).  Under New York Civil Practice Law and Rules Section 7510, the prevailing party in an arbitration must commence an action to confirm an award within one year of delivery of the award.

"It is well-settled that courts may award reasonable attorneys' fees and costs in connection with a petition to confirm an arbitration award when, as here, the opposing party has neither abided by the arbitrator's decision nor responded to the petition for confirmation." *Trs. of N.Y.C. Dist. Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund, & Apprenticeship, Journeyman Retraining, Educ. & Indus. Fund v. Budd Woodwork Inc.*, No. 24 Civ. 8560 (JPC), 2025 WL 934360, at *4 (S.D.N.Y. Mar. 27, 2025); *see Trs. of N.Y.C. Dist. Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund, & Apprenticeship, Journeyman Retraining, Educ. & Indus. Fund v. All. Workroom Corp.*, No. 13 Civ. 5096 (KPF), 2013 WL 6498165, at *6 (S.D.N.Y. Dec. 11, 2013) ("[C]ourts have routinely awarded attorneys['] fees in cases where a party merely refuses to abide by an arbitrator's award without challenging or seeking to vacate it through a motion to the court." (internal quotation marks omitted)); *see also Drywall Tapers & Pointers of Greater N.Y. Loc. Union 1974 v. Nat'l Drywall Inc.* ("*Drywall Tapers*"), No. 24 Civ. 3690 (RA), 2024 WL 4666181, at *2 (S.D.N.Y. Nov. 4, 2024) (collecting cases).  So the Court will consider the reasonableness of Petitioners' requested amounts.  *See* Fees Decl. ¶ 3 ("The basis for Petitioners' claim for attorneys' fees and costs . . . is its unopposed application to confirm an arbitration award.").

As noted, Petitioners request $2,880.00 in attorneys' fees and $539.00 in costs arising from this confirmation proceeding. Fees Decl. ¶¶ 4-6.  The requested attorneys' fees represent 9.6 hours of work on this matter, billed at a rate of $300 per hour, by Lauren M. Kugielska, an attorney at the law firm of Barnes, Iaccarino & Shepherd LLP who was admitted to this Court in 2014 and has experience litigating LMRA cases. *Id.* ¶¶ 1, 5, 7 (summary of time records).  The Court finds Ms. Kugielska's billing rate of $300.00 per hour to be reasonable.  *See Drywall Tapers*, 2024 WL 4666181, at *3 ("Courts in this district have found that fees at a rate of $300 per hour are

appropriate for petitions to confirm arbitration awards."). The Court also finds that the time Ms. Kugielska worked on this matter is reasonable, but with two exceptions. Ms. Kugielska's time records include 0.3 hours billed for "Received issued Summons and forwarded process server a copy of Summons and Petition," and 0.6 hours billed for "Electronically filed an affidavit of service, re: Petition." Fees Decl. ¶ 7. "Given the ministerial nature of these tasks, the Court finds it unreasonable to award them at an attorney's rate of $300 an hour" but will "award fees for these tasks at a rate of $120 an hour, a reasonable hourly rate for paralegals within this District." *Trs. of Dist. Council No. 9 Painting Indus. Ins. Fund v. Speedo Corp.*, No. 21 Civ. 3705 (RA), 2022 WL 604678, at *4 (S.D.N.Y. Mar. 1, 2022) (finding nine hours to be largely reasonable). The Court will thus award attorneys' fees of $2,718.00: $2,610.00 (8.7 hours at a rate of $300.00 per hour) plus $108.00 (0.9 hours at a rate of $120.00 per hour).

The Court also agrees that the requested $539.00 in costs, which consists of the $405.00 filing fee and a statutory fee of $134.00 paid to the New York Secretary of State in service costs, *see* Fees Decl. ¶ 4, is appropriate. *See Speedo Corp.*, 2022 WL 604678, at *4.

Accordingly, the Court awards Petitioners $2,718.00 in attorneys' fees and $539.00 in costs.

## IV.  Conclusion

For these reasons, the Court grants Petitioners' Petition to confirm the arbitration award. The Clerk of Court is respectfully directed to enter judgment in favor of Petitioners and against Respondent in the amount of $1,614.20 made payable to "PIIAF" and $8,000.00 made payable to the "Joint Trade Committee of the Painting & Decorating Industry." The Clerk of Court is also directed to enter judgment in the amount of $2,718.00 in attorneys' fees and $539.00 in costs. Post-judgment interest shall accrue at the statutory rate pursuant to 28 U.S.C. § 1961 from the date

judgment is entered until payment is made in full.  The Clerk of Court is further respectfully directed to close this case.

  SO ORDERED.

Dated: April 13, 2026
  New York, New York

             JOHN P. CRONAN
           United States District Judge